GARY M. RESTAINO
United States Attorney
District of Arizona

COLEEN SCHOCH
Assistant U.S. Attorney
Georgia Bar No. 366545
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: coleen.schoch@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Jay Derek Ramirez Ramirez,<br><br>Defendant. | No. 2:20-CR-00512-002-SMB<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The United States agrees with the Presentence Report calculations resulting in a Total Offense Level of 23, Criminal History Category I, and a Guidelines range of 46–57 months' imprisonment. It has no objections or corrections to the PSR. The United States respectfully recommends a below-Guidelines sentence of 36 months' imprisonment followed by a term of 3 years' supervised release. This motion is supported by the following Memorandum of Points and Authorities and all matters of record.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTS AND PROCEDURAL HISTORY**

Defendant Ramirez has admitted that he and his brother, Juan Ali Ramirez Ramirez, purchased firearms from federal firearms licenses and from private sellers with the intention of reselling them at a higher price. Defendant admitted to selling at least 13 firearms for profit without obtaining a license to do so. The PSR correctly holds him responsible for at least 19 firearms. The firearms that Defendant purchased to resell

included multiple AR-15 rifles, AK-style rifles, shotguns, Glock handguns (which are currently popular because they can be converted to a fully automatic handgun), an inert grenade, suppressors, a stolen firearm, a ghost gun, body armor, high-capacity magazines, and firearms with an auto sear conversion—a switch that makes the firearm fully automatic. Some of the firearms that Defendant purchased and resold were recovered in crimes in the valley, including in the hands of prohibited possessors. Defendant advertised firearms for sale on social media and sold them out of his family's tire shop.

A federal grand jury returned an indictment charging Defendant and his brother with one count of Dealing in Firearms Without a License in violation of 18 United States Code (U.S.C.) §§ 922(a)(l)(A), 923(a) and 21 924(a)(l)(D), a Class D felony offense. With the written consent of all parties, Defendant pleaded guilty before a United States Magistrate Judge to this count pursuant to a plea agreement. The Magistrate Judge issued Findings and a Recommendation that the Court adopt Defendant's guilty plea. This Court accepted the Defendant's guilty plea and deferred its decision on acceptance of the plea agreement to the time of sentencing.

## II.    UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Defendant receive a sentence of 36 months' imprisonment followed by a term of 3 years' supervised release. As calculated in the PSR, Defendant has a Total Offense Level of 23, Criminal History Category I, and a Guidelines range of 46–57 months' imprisonment.

### A.    A Sentence of 36 Months' is Appropriate under § 3553(a)

The United States submits that 36 months' imprisonment is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

#### 1.    Nature and Circumstances of the Offense

The nature and circumstances of the offense and Defendant's history and characteristics favor a sentence of 36 months'. Section 3553(a)(1) requires the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. The nature and circumstances of his offense call

for a significant sentence. Defendant engaged with his brother in dealing a large number of firearms without a license. He trafficked of a multitude of items of high concern to the United States: silencers, auto sears, a grenade (which was sold as functioning, but was determined to be inert), a ghost gun, and a stolen firearm. Defendant was 19 years old at the time of the crimes and has no prior criminal history.

The United States submits that Defendant's history and characteristics weigh in favor of a sentence of 36 months' imprisonment.

### 2.      Seriousness of the Offense

Second, pursuant to § 3553(a)(2)(A), the sentence must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. As discussed above, Defendant trafficked in firearms and in prohibited items. His sentence must reflect the seriousness of this conduct, including the negative impact that firearms trafficking has on society as a whole. A sentence of 36 months' imprisonment properly reflects the seriousness of Defendant's conduct, promotes respect for the law, and provides just punishment for the offense, without being greater than necessary.

### 3.      Adequate Deterrence

Third, pursuant to § 3553(a)(2)(B), the sentence must "afford adequate deterrence to criminal conduct." Defendant's sentence must be sufficient to deter Defendant and other would-be traffickers in firearms and related items. A sentence of 36 months' imprisonment is sufficient but not greater than necessary to do so.

### 4.      Protecting the Public

Fourth, § 3553(a)(2)(C) requires the Court to consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. The Court should give the number and type of the firearms and related items in which Defendant trafficked significant consideration. Nevertheless, because Defendant has admitted his conduct and accepted responsibility for it, the United States believes that a sentence of 36 months' imprisonment is sufficient but not greater than necessary to protect the public from Defendant's future crimes.

**5.      Providing Needed Correctional Treatment**

Finally, pursuant to § 3553(a)(2)(D), the Court must consider the need for the sentence imposed to provide Defendant with necessary and effective educational or vocational training, medical care, or other correctional treatment. Defendant received a high school diploma and participated in one semester at Glendale Community College. Defendant could obtain additional educational and vocational training while in prison. If Defendant obtained training for a new career, it would help to protect the public from his future crimes.

**B.      A 3-Year Term of Supervised Release is Appropriate under § 3583(c)**

The United States recommends that Defendant be placed on supervised release for three years. This term is warranted by the nature and circumstances of Defendant's offense. *See* 8 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1)). It is also necessary to protect the public from further crimes by Defendant and to deter his from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)).

**III.    CONCLUSION**

The United States recommends that Defendant receive a sentence of 36 months' imprisonment followed by a term of 3 years' supervised release.

Respectfully submitted this 27th day of June, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Coleen Schoch*
COLEEN SCHOCH
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**
I hereby certify that on the 27th day of June, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Todd Paul Romero and Richard J. Suzuki, *Attorneys for defendant*

*s/ Jagoda Brown*
U.S. Attorney's Office

- 4 -